[Carroll, June, 1891.]

### GOODWIN & a. *v.* FOLSOM.

Certain deeds construed.

CARPENTER, J.   It is not necessary to determine what territory the three lots severally contained, or what their respective boundaries were prior to 1866. Both parties claim under Brackett & Hersey, who, December 6, 1866, owned the whole of the bank lot, however bounded. On that day Libby conveyed to them the rear part of the Libby lot "bounded and described as follows:

Beginning on the easterly side of a sixteen-foot passway between Blake Folsom's store and stable lot and the said Libby lot on a line corresponding with the westerly end of the L part of said Libby's house at a point corresponding with the rear part of said Libby's buildings at a stake and stones, northerly on said passway until it intersects with the line between the land of A. D. and J. L. Avery and the bank lot so called; thence easterly to a stone post adjoining said bank lot to land of Brackett & Hersey, thence by said Brackett & Hersey's land to a point that will correspond with the rear part of said Libby's buildings at right angles with the point begun at a stake and stones, thence westerly by the rear part of said Libby's buildings to the bound begun at." This is a clear and definite description of the tract of land situated in the rear of Libby's buildings and between the passway extended in a straight line to Avery's land and the westerly line of the front part of the bank lot extended in like manner, it being conceded that the stone post referred to is located at the northerly end of the latter line. February 3, 1871, Brackett & Hersey, describing this tract in language identical with the foregoing, conveyed an undivided half of it to the defendant. On the same day they conveyed to Thurston an undivided third of the bank lot and "also one third part in common and undivided of one half of a lot of land adjoining said granted premises [the bank lot] which is owned in common and undivided with Blake Folsom [the defendant] being the same that was conveyed to us by Daniel Libby by his deed dated December 6, 1866, reference being had to said deed for further description." The defendant thus acquired a title good at the least as against Brackett & Hersey and all persons claiming under them, to an undivided half of the tract described. This is all the defendant claims It is immaterial whether Brackett & Hersey had any title to the tract, or if they had a good title, how they obtained it,—whether, as the defendant claims, they took it under Libby's deed of December 6, 1866, or, as the plaintiffs claim, they already owned the land as being a part of the original bank lot. Subsequent conveyances by Brackett & Hersey or by their grantees, though broad enough to cover the rear part of the Libby lot, could not affect the defendant's title. The defendant is entitled to

*Judgment on the report.*

All concurred.

*S. W. Abbott* and *Worcester & Gafney*, for the plaintiffs.

*Wiggin & Fernald* and *E. A. & C. B. Hibbard*, for the defendant.